MICHAEL MURPHY, Appellant, *v.* THE KNICKERBOCKER ICE Co., Respondent.

(Supreme Court, Appellate Term, January, 1898.)

**Money paid by mistake — Failure to prove short weight in ice sold.**

Where a retail and wholesale dealers in ice transact business upon the basis of a weighmaster's card, issued by the wholesale dealers, showing the weight of the wagon of the retail dealer, which weight was deducted from the total weight of the load, the latter cannot recover, as for moneys paid under an alleged mistake, upon mere proof that, after three months' use and dealings, the wagon weighed thirty pounds more than the weighmaster's card showed when made out, as, if the plaintiff claims that the weight was wrong, he must

prove that it was incorrect when originally taken, and stated on the card, by the weighmaster.

APPEAL from a judgment rendered by the justice of the Ninth Judicial District Court in favor of the defendant, in an action brought for the return of money paid under an alleged mistake.

Robt. J. Robeson, for appellant.

Charles K. Carpenter, for respondent.

BISCHOFF, J.   The plaintiff, a retail ice dealer, purchased ice from the defendant during the period from April to August, 1896, delivery to him having been made each day by loading his wagon, which was then weighed, as laden, and the amount of the purchase price was reached by deducting from this total weight the weight of the wagon.

The claim in suit was based upon an alleged overpayment by the plaintiff, daily, during this time, resulting from error with regard to the weight of this wagon, whereby, it was contended, he was charged for about 400 pounds more ice than he received, upon each delivery.

According to his testimony, the defendant's weighmaster had continuously taken the weight of the wagon to be 2,800 pounds, whereas it actually weighed 3,200 or 3,230 pounds, but from evidence given in behalf of the defendant, it appeared that the plaintiff had been credited throughout with the weight of 3,200 or 3,230 pounds, except in one instance, when the mistake was immediately corrected.

There is nothing in the record which should cause us to disapprove the justice's acceptance of the defendant's evidence upon this conflict of fact, and the judgment, so far as it concludes upon the alleged discrepancy of 400 pounds, should not be disturbed.

In the course of dealing between the defendant and its customers, as existing and as observed, the weights of the customers' respective wagons were read by the weighmaster from a card and the price payable by each customer, upon each loading of his wagon, was fixed and paid accordingly.

The wagons were actually weighed by one of the defendant's agents, from time to time, and the weights were placed upon the weighmaster's card, which was corrected if a reweighing called

for correction, and these weights, as appearing on the card, were used as the basis of the dealings between the parties upon each occasion.

According to the card, the weight of the plaintiff's wagon was placed at 3,200 pounds during the period between April 1st and June 29th, but on the last-named date it was reweighed by the defendant and the weight fixed at 3,230 pounds, from which fact the plaintiff argues that he should have been at least awarded judgment for the amount of a daily overpayment for thirty pounds of ice, during the time when the weight of his wagon had been stated at 3,200 pounds.

We think it was quite proper for the justice to find against this contention upon the evidence.

It was reasonably to be inferred that the defendant's custom of reweighing the same wagon, from time to time, was for the purpose of correcting slight differences in weight, which might be brought about through the continued use of the wagon and through the action of the elements, and it was quite permissible to the justice to find that the weight of 3,200 pounds was correct when the wagon was weighed.

The parties dealt upon the basis of the weights appearing on the card and the plaintiff made his payments, in each instance, for ice actually delivered to him upon that basis, without insisting that his wagon be reweighed; therefore, his payment was to be viewed as made in substantial compliance with his part of the transaction, and certainly there was no mutual mistake, since the defendant claimed throughout that the sale was governed by the weights fixed by the card, and if it were assumed that such weights were inexact, as a matter of fact, it was for the plaintiff to prove that the weight of 3,200 pounds was incorrect when taken, and this he has not done.

The judgment should be affirmed, with costs.

DALY, P. J., and McADAM, J., concur.

Judgment affirmed, with costs.